# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Larry Tompkins, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Eckerd d/b/a Rite Aid, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No.8:09-cv-02369-JMC<br><br>**OPINION AND ORDER** |

This matter is now before the court upon Plaintiff's Motion for Reconsideration [Doc. 86] of the court's Order [Doc. 76] granting Defendant Eckerd d/b/a Rite Aid's ("Rite Aid") Motion for Summary Judgment [Doc. 63] with respect to Plaintiff's race discrimination and retaliation[1] claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981 and Plaintiff's wrongful discharge claim, and denying Rite Aid's Motion for Summary Judgment with regard to Plaintiff's claim for breach of contract. For the reasons stated below, Plaintiff's Motion for Reconsideration is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The evidence presented, viewed in the light most favorable to Plaintiff, establishes the following. Plaintiff, an African-American, is a pharmacist licensed in the state of South Carolina. Plaintiff worked as a pharmacist for Eckerd Corporation ("Eckerd") from sometime in 1984 until June of 2007. During his employment with Eckerd, Plaintiff worked at several Eckerd stores, both as a pharmacist and pharmacy manager. In October 2003, Plaintiff was transferred to Eckerd store 11649 in Greenwood, South Carolina. Plaintiff became the Pharmacist-in-Charge ("PIC") at store

---

[1] In his Memorandum of Law in Response to Defendant's Motion for Summary Judgment [Doc. 66], Plaintiff withdrew his claim for retaliation.

11649. While employed at store 11649, Plaintiff misfilled several prescriptions. Some of these misfills resulted in Eckerd paying settlements to resolve potential liability.

In June 2007, Rite Aid Corporation[2] acquired Eckerd Corporation. After the acquisition, Plaintiff became an employee of Rite Aid and remained the PIC for store 11649. Plaintiff received training on the proper use of Rite Aid's system for filling prescriptions. In addition, Plaintiff received a copy of Rite Aid's employee handbook, "An Associate Atlas" (the "Atlas"), acknowledging his at-will employment status.

In November 2008, Plaintiff's supervisor, Ik Jumani, demoted Plaintiff from his position as PIC to a Staff Pharmacist as a result of Plaintiff's alleged poor performance noted in the lack of cleanliness of the pharmacy, low key performance indicator scores, and declining sales. April Scott, a white female, replaced Plaintiff as the PIC for store 11649 and became Plaintiff's immediate supervisor. Subsequently, Plaintiff was transferred to store 11648 in Greenwood, South Carolina because of his alleged resistance to Scott's management.

On November 17, 2008, Rite Aid conducted a mandatory inventory of the controlled substances at store 11649. Rite Aid's employees, including April Scott, Ik Jumani, Amanda Holmes, and Jed Bryant were present for the inventory. Rite Aid alleges that the inventory resulted in the discovery of discrepancies in the controlled drug log and medications on the shelf, including a significant shortage of Oxycontin pills. These discrepancies occurred during Plaintiff's tenure as the PIC. Although Plaintiff initially took responsibility for the pill shortage, Plaintiff later asserted that a log sheet had been electronically altered and that he was not responsible for the alleged shortage.

---

[2] Since Plaintiff has only sued Rite Aid and not Eckerd Corporation, his former employer, the court focuses its legal analysis on Plaintiff's complaints against Rite Aid during his employment there.

Although Ik Jumani, as Pharmacy District Manager, recommended Plaintiff's termination because of the pill shortage, his request was declined. Subsequently, Plaintiff was suspended with pay for three days and given a written final warning of termination. Ik Jumani later transferred to another district.

After repeated coaching and counseling, on April 24, 2009, Rite Aid terminated Plaintiff because of his misfilled prescriptions and his overall poor job performance.

Plaintiff filed this lawsuit alleging causes of action against Rite Aid for race discrimination and retaliation under Title VII and 42 U.S.C. § 1981, breach of contract, and wrongful discharge in violation of public policy. Rite Aid filed a Motion for Summary Judgment seeking summary judgment in its favor on all of Plaintiff's claims. The court granted Rite Aid's Motion for Summary Judgment with respect to Plaintiff's claims under Title VII and 42 U.S.C. § 1981 and Plaintiff's wrongful discharge claim, and denied Rite Aid's Motion for Summary Judgment with regard to Plaintiff's claim for breach of contract. Now before the court is Plaintiff's Motion for Reconsideration of the court's Order to the extent that the court granted summary judgment as to Plaintiff's race discrimination and wrongful discharge claims.

## LEGAL STANDARD

The court may alter or amend a judgment for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Amer. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

**DISCUSSION**

In support of his Motion for Reconsideration, Plaintiff argues that he has established a prima facie case of race discrimination. Further, Plaintiff argues that the record is sufficient to overcome summary judgment with regard to his claim for wrongful discharge. The court finds that Plaintiff's Motion for Reconsideration merely restates the arguments made in his Memorandum of Law in Response to Defendant's Motion for Summary Judgment [Doc. 66]. The court carefully considered Plaintiff's claims for race discrimination and wrongful discharge in the court's prior Order [Doc. 76]. Plaintiff fails to demonstrate new law or evidence justifying reconsideration of the court's prior Order. Additionally, Plaintiff has not shown that he will suffer a manifest injustice as a result of the court's Order or that the court's Order was in clear error of law. Accordingly, the court denies Plaintiff's Motion for Reconsideration.

**CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion for Reconsideration [Doc. 86] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

April 2, 2012
Greenville, South Carolina