IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Larry Tompkins, | ) | Civil Action No. 8:09-02369-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Eckerd d/b/a Rite Aid, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Larry Tompkins ("Plaintiff") filed this action against Defendant Eckerd d/b/a Rite Aid ("Defendant"), alleging claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  (ECF No. 47.)  Plaintiff further alleged state law claims for wrongful discharge in violation of public policy and breach of contract.  (Id.)  This matter is before the court pursuant to Defendant's motion in limine to exclude specific evidence and/or argument at trial, to limit alleged back pay damages, and to preclude all front pay damages.  (ECF No. 107.) Plaintiff has not filed opposition to Defendant's motion in limine.  For the reasons set forth below, the court **GRANTS** in part and **DENIES** in part Defendant's motion in limine.

I. RELEVANT PROCEDURAL BACKGROUND

On September 8, 2009, Plaintiff filed this lawsuit in the Court of Common Pleas of Greenwood County, South Carolina.  (See ECF No. 1-1.)  On September 8, 2009, Defendant removed the case to the United States District Court for the District of South Carolina.  (ECF No. 1.)  Defendant answered the complaint denying liability to Plaintiff on September 11, 2009. (ECF No. 6.)  On April 16, 2010, Defendant filed an amended answer.  (ECF No. 34.)  Plaintiff

1

filed an amended complaint on August 10, 2010, to which Defendant filed an answer on August 24, 2010. (ECF Nos. 47, 49.)

On February 11, 2011, after the completion of discovery, Defendant moved for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF No. 63.) Plaintiff filed opposition to Defendant's motion for summary judgment on March 11, 2011, to which Defendant filed a reply in support of summary judgment on March 21, 2011. (ECF Nos. 66, 69.) On September 30, 2012, the court entered an order granting Defendant's motion for summary judgment with respect to Plaintiff's claims for race discrimination and retaliation in violation of Title VII and § 1981 and for wrongful discharge in violation of public policy, but the court denied summary judgment in regards to Plaintiff's claim for breach of contract. (ECF No. 76.)

Thereafter, on October 7, 2011, Defendant filed a motion asking the court to reconsider the September 30, 2012 order and to grant summary judgment in Defendant's favor on Plaintiff's claim for breach of contract. (ECF No. 79.) Plaintiff filed opposition to Defendant's motion for reconsideration on October 24, 2011, to which Defendant filed a reply in support of reconsideration on October 27, 2011. (ECF Nos. 83, 85.) On October 28, 2011, Plaintiff filed a motion asking the court to reconsider the September 30, 2012 order and to deny summary judgment to Defendant on Plaintiff's claims for race discrimination and wrongful discharge in violation of public policy. (ECF No. 86.) Defendant filed opposition to Plaintiff's motion for reconsideration on November 16, 2011, to which Plaintiff filed a reply in support of reconsideration on December 12, 2011. (ECF Nos. 91, 102.) The court denied Defendant's motion for reconsideration on March 30, 2012 and denied Plaintiff's motion for reconsideration on April 2, 2012. (ECF Nos. 114, 116.)

While its motion for reconsideration was pending, Defendant filed the instant motion in

limine on March 20, 2012, seeking to exclude at trial all evidence and attorney argument offered to show (1) that Defendant's actions were allegedly discriminatory, retaliatory, or in contravention of public policy; (2) that the Schedule II Continual Inventory Form ("Controlled Substance Log") showing that Plaintiff failed to maintain proper records of controlled substances was allegedly forged; (3) alleged emotional and punitive damages; (4) entitlement to back pay between May 2009 and February 20, 2010; and (5) entitlement to any amount of front pay. (ECF No. 107.)

## II.   LEGAL STANDARD AND ANALYSIS

A.   **Legal Standard**

A motion in limine is a pretrial motion which requests that the court exclude inadmissible or prejudicial evidence before it is actually offered at trial.  See Luce v. U.S., 469 U.S. 38, 40 n. 2 (1984).  A motion in limine is "an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings."  Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997).  The purpose of such motion is to narrow the evidentiary issues for trial and eliminate unnecessary trial interruptions.  Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990).

Many motions in limine seek to exclude evidence on the basis of relevance or prejudice. Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court . . . .  evidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Under Rule 401, evidence is relevant if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Pursuant to Rule 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored. Sperberg v. The Goodyear Tire and Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975). Courts have recognized that it "is almost always better situated during the actual trial to assess the value and utility of evidence." Wilkins v. Kmart Corp., 487 F. Supp. 2d 1216, 1218 (D.Kan. 2007). Therefore, when confronted with the situation, "a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion in limine. Sperberg, 519 F.2d at 712.

Further, "a motion in limine should not be used to resolve factual disputes or weigh evidence." C & E Servs., Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D.D.C. 2008). That is the province of the jury. See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 150 (2000).

**B.    Defendant's Motion in Limine Regarding Dismissed Claims**

In its motion in limine, Defendant seeks to exclude all evidence introduced "for the purpose of proving alleged discrimination, retaliation, or wrongful discharge because the Court has already granted summary judgment for [Defendant] Rite Aid on those claims." (ECF No. 107-1, pp. 2-3.) Defendant argues this evidence should be excluded because it does not share any common elements with Plaintiff's cause of action for breach of contract. (Id. at p. 3.)

As referenced above, Fed. R. Evid. 401 and 402 allow for liberal admission of evidence if it has any tendency to help to prove or disprove an actual issue in the case, no matter how

slight. However, when the probative value of certain evidence considered relevant under Fed. R. Evid. 401 is quite low, Rule 403 precludes its introduction and serves as a protection against "undue liberality" by granting the court the discretion to exclude relevant evidence when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, . . . ." Fed. R. Evid. 403. Therefore, any testimony and/or evidence which lends itself, ever so slightly, toward the proof or disproof of any of the required elements of Plaintiff's case of breach of contract is relevant and admissible,[1] subject to the court's discretionary power under Fed. R. Evid. 403.

In accordance with the order granting Defendant summary judgment on Plaintiff's claims for discrimination, retaliation, or wrongful discharge, the court finds that it would be improper to allow Plaintiff to introduce evidence, testimonial or otherwise, regarding the previously dismissed claims. Accordingly, the court will not allow Plaintiff to introduce evidence which would only support claims of discrimination, retaliation, or wrongful discharge.

**C.     Defendant's Motion in Limine Regarding Forgery Allegations**

Defendant seeks to preclude Plaintiff from offering evidence and/or arguing that the Control Substance Log ("CSL") was an alleged forgery. (ECF No. 107-1, p. 4.) Defendant contends that Plaintiff does not have either personal knowledge that the CSL was forged or the expertise to allow him to opine at trial that the CSL was a forgery.

The court finds that Plaintiff has not come forward with evidence establishing that the CSL is necessary to establish any of the required elements of Plaintiff's claim for breach of

---

[1] In order to prevail on a breach of contract claim under South Carolina law, Plaintiff bears the burden of establishing the existence and terms of the contract, Defendant's breach of one or more of the contractual terms, and damages resulting from the breach. Taylor v. Cummins Atlantic, Inc., 852 F. Supp. 1279, 1286 (D.S.C. 1994) (citing Fuller v. Eastern Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962). In an action asserting breach of contract based on a handbook or other policy document of an employer, once an employer voluntarily publishes a handbook or policy to its employees, the employer may be held liable for breach of contract if the employee can establish that the handbook, policy, or other similar material applies to the employee, sets out procedures binding on the employer, and does not contain a conspicuous and appropriate disclaimer. Grant v. Mount Vernon Mills, Inc., 634 S.E.2d 15, 20 (S.C. Ct. App. 2006).

5

contract. Accordingly, the court will not allow Plaintiff to introduce evidence regarding the CSL as a forgery until such proffer of evidence has been made by Plaintiff.

### D.  Defendant's Motion in Limine Regarding Emotional or Punitive Damages

   1.  Emotional Damages

Defendant moves to preclude Plaintiff from introducing "any evidence that Plaintiff allegedly suffered emotional damages [because such evidence] is irrelevant and inadmissible." (ECF No. 107-1, p. 5 (citing Fed. R. Evid. 401, 402).)

Under South Carolina law, a party is generally not permitted to recover emotional damages in a contract claim. Whitten v. Am. Mut. Liab. Ins. Co., 468 F. Supp. 470, 473 (D.S.C. 1977). This court has expressly held that emotional distress damages are never recoverable under South Carolina law for breach of contract, "no matter what the intent of the breaching party was in failing to fulfill its obligations." Id. Moreover, South Carolina courts have not adopted the exception found in the Restatement (Second) of Contracts § 353, which provides that emotional distress damages are recoverable in contract when accompanied by bodily harm or a serious emotional disturbance. See Restatement (Second) of Contracts § 353.

Accordingly, because South Carolina law does not recognize Plaintiff's ability to recover emotional distress damages in a breach of contract action, the court grants Defendant's motion in limine seeking to exclude any reference to the emotional harm Plaintiff suffered.

   2.  Punitive Damages

Defendant moves to preclude Plaintiff from introducing any evidence offered to prove punitive damages because such evidence is irrelevant and inadmissible because Plaintiff has not claimed punitive damages in regards to his breach of contract claim. (ECF No. 107-1, p. 6 (citing Fed. R. Evid. 401, 402).)

Under South Carolina law, a party can recover punitive damages in a breach of contract action if the breach is "committed with fraudulent intent and accompanied by a fraudulent act." Floyd v. Country Squire Mobile Homes, Inc., 336 S.E.2d 502, 503 (S.C. Ct. App. 1985). The question of whether Plaintiff can establish the requisite intent on the part of Defendant in order to entitle him to a jury instruction on punitive damages is a matter of fact to be proven at trial. The court acknowledges that the burden of establishing the appropriateness of punitive damages is a high one. However, the court does not believe that this is the appropriate time to determine whether Plaintiff will be able to make this factual showing at trial. Therefore, the court finds that Plaintiff will be able to present evidence and testimony to the jury as to Defendant's motive or animus, and the court will make the appropriate determination of whether a charge to the jury will include instructions relating to punitive damages following the presentation of all evidence.

E.   **Defendant's Motion in Limine Regarding Front Pay and Back Pay**

   1.   Front Pay

Defendant seeks to preclude evidence and/or argument at trial regarding front pay because "Plaintiff is not entitled to any front pay because either he has conceded, by failing to continue to look for work, that his present job at Fred's Pharmacy is substantially equivalent to the pharmacist position he held at Rite Aid at the time of his termination, or Plaintiff has failed to mitigate his damages." (ECF No. 107-1, p. 6.)

Front pay is "awarded for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 846 (2001).[2] The United States Supreme Court, the Fourth Circuit Court of Appeals, and the South Carolina Court of Appeals have all held that front pay is an equitable remedy. See

---

[2] Reinstatement is the preferred remedy, but when it is infeasible or inappropriate, front pay may substitute. Pollard, 532 U.S. at 846.

Pollard, 532 U.S. at 854 (under Title VII and the ADA); Duke v. Uniroyal Inc., 928 F.2d 1413, 1423 (4th Cir. 1991) (under the ADEA); Drew v. Waffle House, Inc., 534 S.E.2d 282, 288 (S.C. Ct. App. 2000) (citing Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 307 (4th Cir. 1998)). Because front pay is an equitable remedy, the award and amount of front pay are questions for the court, not the jury. Duke, 928 F.2d at 1424.

Based on the foregoing, the court finds that evidence or argument regarding front pay is inappropriate for the jury to consider. Therefore, Plaintiff is prohibited from introducing front pay evidence or argument to jury. However, the court will hold in abeyance its determination regarding Plaintiff's entitlement to front pay until after the jury resolves issues of liability. See Duke, 928 F.2d at 1422 (When both legal and equitable remedies are demanded, the appropriate method of proceeding requires submission of the case first to the jury to resolve liability and all legal damages.).

2. Back Pay

Defendant seeks to preclude evidence and/or argument at trial regarding back pay because "Plaintiff cannot recover back pay between his May 2009 rescinded job offer from Walgreens and February 20, 2010, when he began to work at Fred's Pharmacy" and because he did not search for work whatsoever during the period from May through August 2009. (ECF No. 107-1, pp. 7-9.)

The purpose of back pay is to put Plaintiff in the same position he would have been in if the breach of contract had not occurred, i.e., to make him whole. Brady v. Thurston Motor Lines, Inc., 753 F.2d 1269, 1273 (4th Cir. 1985). Under South Carolina law, back pay has been

determined to be an equitable remedy in the nature of restitution.[3]  Campbell v. Bi-Lo, Inc., 392 S.E.2d 477, 480 (S.C. Ct. App. 1990) (citing Wallace v. Milliken, 389 S.E.2d 448, 449-50 (S.C. Ct.   App. 1990)).  Since Plaintiff's lone remaining cause of action is a state law claim for breach of contract, evidence or argument regarding back pay is inappropriate for the jury to consider because back pay is an equitable remedy under South Carolina law.  Id.  Therefore, Plaintiff is prohibited from introducing back pay evidence to jury.  However, the court will hold in abeyance its determination regarding Plaintiff's entitlement to back pay until after the jury resolves issues of liability.

### III.    CONCLUSION

Upon consideration of the entire record, the court hereby **GRANTS** the motion in limine of Defendant Eckerd d/b/a Rite Aid to exclude evidence and/or argument at trial regarding dismissed claims of discrimination, retaliation, or wrongful discharge; the Control Substance Log as an alleged forgery; emotional damages; and front pay and back pay in front of the jury only.  (ECF No. 107.)  The court **DENIES** Defendant Eckerd's motion in limine as to Plaintiff's introduction of evidence regarding punitive damages.  (Id.)

**IT IS SO ORDERED**.

*J. Michelle Childs*

**J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE**

April 3, 2012
Greenville, South Carolina

---

3  There is case law that suggests that the United States Supreme Court and the Fourth Circuit Court of Appeals recognize a jury's ability to award back pay as a legal remedy.  See, e.g., Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 218 n.4 (2002); Bryant v. Aiken Reg'l Med. Ctrs., Inc., 333 F.3d 536, 540 (4th Cir. 2003).